UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EDWARD B. BARCLAY, | ) |
|       *Plaintiff* | ) ) ) |
| v. | )    No. 2:12-cv-156-JHR |
| STEVAN GRESSIT, | ) ) ) |
|       *Defendant* | ) ) |

*MEMORANDUM DECISION AND ORDER ON*
*MOTION TO COMPEL DISCOVERY OF SETTLEMENT AGREEMENT*[1]

The defendant seeks to obtain information pertaining to a settlement agreement recently entered into between the plaintiff and nonparty U.S. Airways in a related case in the United States District Court for the District of Oregon. Both parties have filed letter briefs pursuant to ECF No. 50, my report and order dated June 11, 2013. *See* ECF No. 51 ("Defendant's Brief"); ECF No. 52 ("Plaintiff's Brief"). Treating the Defendant's Brief as a motion to compel responses to (i) an interrogatory seeking the amount for which the Oregon case settled and (ii) a request for production of the signed release document in that case, ECF No. 51-1, I grant it for the reasons set forth below, with the proviso that I direct the parties to meet and confer to submit a proposed confidentiality order, agreed-upon if possible, pursuant to which said information will be produced.[2]

### I. Applicable Legal Standards

The plaintiff does not claim that the requested settlement information is privileged, and I find no controlling authority indicating that it is. Hence, it is discoverable if relevant. *See, e.g.,*

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have me conduct all proceedings in this case, including trial, and to order the entry of judgment.

[2] A confidentiality order was entered in this case, but addresses only the plaintiff's medical records. *See* ECF Nos. 14-15.

1

*Levick v. Maimonides Med. Ctr.*, No. 08 CV 03814(NG), 2011 WL 1673782, at *2 (E.D.N.Y. May 3, 2011) ("[E]vidence regarding settlement agreements is often excluded at trial under Rule 403 of the Federal Rules of Evidence because of the danger of unfair prejudice and misleading the jury. Under Rule 408 of the Federal Rules of Evidence, settlement agreements are also generally held to be inadmissible at trial. However, a settlement agreement may nonetheless be subject to discovery if it meets the standard of relevance required for discovery, as set by Rule 26(b) of the Federal Rules of Civil Procedure.") (footnote, citations, and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(b)(1)("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Courts are divided on whether the confidentiality concerns inherent in the settlement process warrant a heightened showing of relevance to obtain settlement agreement information. *See Tanner v. Johnston*, No. 2:11-cv-00028-TS-DBP, 2013 WL 121158, at *2 (D. Utah Jan. 8, 2013) ("Unfortunately, there is country-wide discord about the showing of relevance required to justify disclosure of a settlement agreement. Plaintiffs primarily rely on *Bottaro v. Hatton Assocs.,* 96 F.R.D. 158 ([E.D.]N.Y. 1982), and its progeny, to urge this Court to ad[o]pt a heightened relevancy standard for discovery related to confidential settlement agreements. . . . In contrast, the NAI Defendants urge the Court to use the normal relevancy standard espoused at Fed. R. Civ. P. 26(b).").

Unsurprisingly, the plaintiff seeks application of the heightened *Bottaro* standard, *see* Plaintiff's Brief at [5], which requires "a particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement[,]"

*Chappelle v. Varano*, Civil No. 4:11-CV-304, 2012 WL 3241503, at *2 (M.D. Pa. Aug. 7, 2012) (citations and internal quotation marks omitted), while the defendant invokes Rule 26(b), *see* Defendant's Brief at [1]-[2].

The parties do not cite, nor can I find, caselaw from the First Circuit or this court addressing whether such a standard should be adopted. In the absence of such authority, I decline to require a heightened showing, which is not otherwise required by statute or rule. *See, e.g., Polston v. Eli Lilly & Co.*, C/A No. 3:08-3639, 2010 WL 2926159, at *1 (D.S.C. July 23, 2010) (declining to adopt *Bottaro* standard; observing, "The Fourth Circuit has never recognized a settlement privilege or required a particularized showing in the context of a subpoena for confidential settlement documents. Nor can the court find any statute or rule excepting a confidential settlement agreement from Rule 26(b)(1)."); *Bennett v. La Pere*, 112 F.R.D. 136, 139-40 (D.R.I. 1986) (Selya, J.) (finding *Bottaro* "out of kilter with the spirit and philosophy of the Federal Rules" in its reliance on Federal Rule of Evidence 408, which addresses admissibility and not discoverability, and its misconception of the public policy considerations underlying Rule 408, in that "[n]o discouragement [of settlement] attends discoverability anent completed compromises").

## II. Factual Background

The plaintiff, a resident of Oregon, alleges that he and the defendant, a resident of Maine, were passengers on U.S. Airways Flight 1801 from Boston, Massachusetts, to Charlotte, North Carolina, on October 18, 2010. Complaint for Personal Injury ("Complaint") (ECF No. 1) ¶¶ 1, 3-4. He asserts that, after he was seated in his assigned seat, the defendant boarded and negligently placed his case in an overhead storage bin that had previously been closed and was

full to capacity. *Id.* ¶¶ 5-8. He alleges that, as a result, when a third person opened the bin shortly afterward, the defendant's belongings fell out, striking and injuring him. *Id.* ¶ 5.

Before filing the instant suit, the plaintiff filed suit against U.S. Airways in the United States District Court for the District of Oregon. *See* Plaintiff's Brief at [1]. He states that he was unable to learn the defendant's identity until he engaged in discovery in that action, and had he known who the defendant was, he would have filed only one lawsuit against both the defendant and U.S. Airways in this court. *See id.* The Oregon litigation was resolved on May 29, 2013, at a formal judicial settlement conference. *See id.* at [2]. The settlement agreement includes a provision that requires the parties to keep the settlement amount and terms confidential. *See id.* According to the plaintiff, U.S. Magistrate Judge John Acosta, who presided at the settlement conference, "strongly advised" the plaintiff and his counsel "that the confidential provision was to be observed strictly and that we were not to disclose the terms of the settlement to anyone unless a federal judge ordered us to disclose the confidential terms." *Id.*

During my teleconference with counsel on June 10, 2013, the defendant's counsel advised that he had been informed by the plaintiff's counsel that he would be unable to obtain information regarding the settlement without a court order. *See* ECF No. 50 at 2. I directed that the parties file the instant briefs. *See id.* at 3.

### III. Discussion

The defendant argues, in a nutshell, that the requested settlement information is relevant because it bears directly on his own rights and obligations in this lawsuit. *See* Defendant's Brief at [2]. He notes, in particular, that (i) he has a concern that the plaintiff not receive a windfall or double recovery from more than one insurer, (ii) he would be entitled to offset the amount paid in settlement by U.S. Airways, if the plaintiff were to recover a verdict against him, (iii) as a

4

practical matter, his insurer will be hampered in efforts to evaluate and settle the claim against him without this information, and (iv) the language of the release may have an impact on what the plaintiff can recover from him, for instance, if the release is a so-called "Pierringer" release. *See id*.[3]  He notes that any confidentiality concerns can be addressed by an appropriate protective order. *See id*.

The plaintiff rejoins that the terms of the settlement agreement are irrelevant because they do not bear on the central issue here – whether the defendant was negligent in the placement of his baggage in the overhead bin – and would not be admissible at trial. *See* Plaintiff's Brief at 3. He adds that there is no issue as yet in this litigation with respect to whether the plaintiff would receive a double recovery: the defendant's motion for summary judgment is under advisement to the court. *See id*.  He contends that if he were to recover a judgment against the defendant, the settlement terms of the Oregon case might or might not be relevant – it is too early to say. *See id*.

The settlement agreement clearly is relevant. Assuming, without deciding, that the substantive law of Maine applies in this diversity action, I would be obligated to reduce any verdict against the defendant by the amount paid by U.S. Airways. *See* 14 M.R.S.A. § 163. If, as part of the settlement, the plaintiff entered into an agreement precluding him from collecting from the defendant any portion of the damages attributable to U.S. Airways' share of responsibility, I would be obligated to reduce any judgment against the defendant "by either the amount determined at trial to be attributable to [U.S. Airways'] share of responsibility, if any

---

[3] "A Pierringer release enables a plaintiff to settle with one defendant without releasing a nonsettling defendant from liability, allowing the settling defendant to avoid becoming liable to the nonsettling defendant for contribution or indemnity claims." *Austin ex rel. Soiett v. Universal Cheerleaders Ass'n*, 2002 ME 174, ¶ 2, 812 A.2d 253, 255.

5

was found, or, if no such finding [was] made, by the value of the consideration given to the plaintiff for the settlement." *Id*. *See also id*. § 156.[4]

Courts have readily discerned the relevance to a non-settling joint tortfeasor of information regarding a settlement agreement between a plaintiff and a settling joint tortfeasor when, pursuant to applicable state law, the non-settling defendant is entitled to a setoff of the settlement amount from any verdict in favor of the plaintiff, or the non-settling defendant's rights and obligations depend in some other way on the terms, amount, and/or value of the settlement. *See, e.g., Tanner*, 2013 WL 121158, at *5; *Atchison Casting Corp. v. Marsh, Inc*., 216 F.R.D. 225, 227-28 (D. Mass. 2003); *White v. Kenneth Warren & Son, Ltd*., 203 F.R.D. 364, 367 (N.D. Ill. 2001); *Bennett*, 112 F.R.D. at 138-39.

The plaintiff's objections that the settlement agreement would not be admissible at trial and that discovery is otherwise premature because the issue of damages would arise only if the defendant were found liable miss the mark. *See, e.g., Levick*, 2011 WL 1673782, at *3 ("While Rules 403 and 408 may limit the admissibility of the settlement agreement at trial, this does not determine its discoverability. Both rules are silent on the issue of discovery. Instead, as noted, whether a document is subject to discovery is governed by Rule 26(b), which sets the substantially lower standard of relevance[.]") (citations omitted); 8 Charles Alan Wright, Arthur

---

[4] In connection with this discovery dispute, neither party addressed the question of which state's substantive law applies with respect to the rights and obligations of a settling *versus* a non-settling joint tortfeasor. *See generally* Plaintiff's Brief; Defendant's Brief. However, as noted in my separate order of today's date denying the defendant's motion for summary judgment, the parties seemingly agreed in that context that Maine law applies. Hence, I have applied Maine law in this context, as well. In any event, my analysis of the relevance of the settlement agreement would be unchanged if the law of either Massachusetts (the place of injury) or Oregon (the plaintiff's residence) applied. Both Massachusetts and Oregon direct that any verdict against a non-settling defendant be offset by the amount paid to a plaintiff in a settlement by a joint tortfeasor. *See, e.g*., *Commonwealth v. Bechtel Corp*., 24 Mass. L. Rptr. 97, at *3 (Mass. Super. Ct. May 22, 2008); *Hirsovescu v. Shangri-La, Inc*., 870 P.2d 859, 860 (Or. Ct. App. 1994).

R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2008.4, at 194-95 (3d ed. 2010) (noting that, "[a]s a general matter, it is clear that discovery as to damages is proper[,]" although, when trial on issues of liability and damages is bifurcated, "discovery pertaining to damages is sometimes put off until after liability has been established") (footnotes omitted). There has been no bifurcation of trial on liability and damages in this case.[5]

The requested information, therefore, is discoverable. That said, I am mindful that this information is highly sensitive and confidential. As I advised the parties' counsel during our June 10, 2013, teleconference, I contemplate imposing the same confidentiality conditions on the defendant with respect to this information as were imposed on the plaintiff and U.S. Airways as part of their settlement agreement. *See* ECF No. 50 at 3. To that end, I direct the parties to meet and confer to devise an appropriate proposed confidentiality order. They shall file a joint motion for the entry of that order or, if no agreement is reached, separate motions, no later than August 7, 2013, and the plaintiff shall attach to his motion or the joint motion a copy of the confidentiality conditions imposed upon him and U.S. Airways. Following the entry by the court of the contemplated confidentiality order, the plaintiff shall forthwith produce to the defendant the information requested in the interrogatory and document request filed at ECF No. 51-1.

### IV. Conclusion

For the reasons discussed above, and treating the Defendant's Brief as a motion to compel the requested settlement information, the motion is **GRANTED**, with the proviso that the parties are **DIRECTED** to (i) meet and confer to devise an appropriate confidentiality order and (ii) file, no later than August 7, 2013, either a joint motion for the entry of that order or, if no

---

[5] The plaintiff's reliance on the case of *Flynn v. Portland Gen. Elec. Corp.*, CIV. No. 88-455-FR, 1989 WL 112802 (D. Ore. Sept. 21, 1989), *see* Plaintiff's Brief at [5], also is misplaced. *Flynn* does not pertain to joint tortfeasors. In *Flynn*, the plaintiffs in an age discrimination action sought to discover materials from a different age discrimination case against the defendant that the defendant contended were confidential pursuant to the terms of a settlement agreement entered into in that separate case. *See Flynn*, 1989 WL 112802, at *1-*2.

agreement is reached, separate motions, to which the plaintiff shall attach a copy of the confidentiality conditions imposed upon him and U.S. Airways.  Following the entry of the contemplated confidentiality order, the plaintiff is **DIRECTED** to produce to the defendant forthwith the information requested by way of the interrogatory and the document request filed at ECF No. 51-1.

Dated this 24th day of July, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge